### LEWIS COLWELL v. ELMER J. CHAMBERLIN.

1. The act of March 12th, 1879, giving courts for the trial of small causes jurisdiction to the amount of $200, is constitutional.
2. In amending an act of the legislature, it is unnecessary to embody in the new statute the old section as it originally stood, provided the section as it is amended be inserted at length.

On case certified.

Argued at February Term, 1881, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *James J. Cutler.*

The opinion of the court was delivered by

VAN SYCKEL, J. The question involved in this case is whether the act of March 12th, 1879, (*Pamph. L., p.* 115,) giving courts for the trial of small causes jurisdiction to the amount of $200, is constitutional.

The title of the act is, " An act to increase the jurisdiction of justices of the peace."

Its unconstitutionality is asserted upon three grounds:

*First.* That it was intended as a supplement to the small cause act, and that such purpose was not expressed in its title.

*Second.* That it has two distinct objects, one of which, contained in section 3 of the act, is not expressed in its title.

*Third.* That the section to be amended was not inserted at length in the act.

The validity of this legislation was very recently challenged in *Wright* v. *Moran, ante p.* 49. In the opinion delivered by Justice Depue, the court there says: " There is no constitutional difficulty inherent in this legislation arising out of the number of objects embraced in it, or defect in its title. The object of the act is a unit—to increase the jurisdiction of justices of the peace ; and that object is clearly expressed in the title of the act."

If the object for which the third section was enacted is not sufficiently expressed in the title, that section might be rejected, and the residue stand. *Rader* v. *Township of Union,* 10 *Vroom* 509.

In *Van Riper* v. *Parsons,* 11 *Vroom* 123, 127, Justice Dixon says that, " according to the later decisions in states where a similar rule prevails, it also appears to be unnecessary to embody in the new statute the old section as it originally was, provided the section as it stands amended be inserted at length."

In this view I fully concur, conceiving that the object of the constitutional requirement was to show the law-maker the true reading of a proposed enactment without the necessity of resorting to the old one.

The mischiefs of the former practice were, that it required the labor of reference and comparison of statutes by legislators, to enable them to understand the effect of acts amended by reference to titles, and bills were often passed which would not have received legislative support if they had been understood.

The constitutional provision is that " no law shall be revived or amended by reference to its title only, but the act revived or the section or sections amended shall be inserted

in words at length." In this case the requirement of the organic law has been duly observed by setting out in full the section as it stands amended.

The Circuit Court should be advised accordingly.